IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSHUA F. THOMAS, #K-95996, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL NO. 11-279-GPM** |
| | ) | |
| MRS. WALTERS and WARDEN RYKER, | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Joshua F. Thomas, an inmate in Stateville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 based on events that occurred while he was housed at Lawrence Correctional Center ("Lawrence"). Plaintiff is nearing the end of his nine year sentence for predatory criminal sexual assault. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted

if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418,

419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide

sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally,

Courts "should not accept as adequate abstract recitations of the elements of a cause of action or

conclusory legal statements." *Id.*  At the same time, however, the factual allegations of a pro se

complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816,

821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate

to exercise its authority under § 1915A and shall dismiss this action.

**The Complaint**

Plaintiff complains that, beginning in July 2010 when he was assigned to the C-Wing at

Lawrence and until he filed suit in March 2011, he made several requests for a porter job in his housing

unit without success (Doc. 1, p. 4).  He claims that he was denied the position because he is white.  Of

the nine inmates working as porters on Plaintiff's housing unit, seven are black and two are white.

Plaintiff claims that Defendant Walters (the placement officer) is incompetent and is responsible for

the alleged racial imbalance in the porter job assignments.  Plaintiff filed a grievance on January 18,

2011 (Doc. 1-1).  The counselor's response stated that "job assignments are based on criminal history

[and] past discipline, . . ." and instructed Plaintiff to send the counselor a request slip for a review (Doc.

1-1, p. 1).  Plaintiff does not state whether he submitted another request slip pursuant to this suggestion.

Plaintiff does not request money damages, but instead asks for the prison to "stop discriminating on race, criminal history, discipline and or anything else" (Doc. 1, p. 6). Plaintiff no longer resides at Lawrence, having been transferred to Stateville Correctional Center on April 27, 2011 (Doc. 6).

**Discussion**

Initially, it must be noted that prisoners do not have a constitutional right to employment or rehabilitative programs while in prison. *Garza v. Miller*, 688 F.2d 480, 485-86 (7th Cir. 1982), *cert. denied* 459 U.S. 1150 (1983). Nevertheless, purposeful discrimination in the awarding of prison jobs could amount to a constitutional violation. Racial discrimination by state actors violates the Equal Protection Clause of the Fourteenth Amendment unless it is narrowly tailored to serve a compelling state interest. *See DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000).

In order to state an equal protection claim, a plaintiff must establish that a state actor has purposely treated him differently than persons of a different race. *Id.* A "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.'" *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir.), *cert. denied*, 484 U.S. 935 (1987), *citing Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982).

> The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action. A plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation. Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences. It implies that a decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.

*Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996) (quoting *Shango*, 681 F.2d at 1104).

Plaintiff does not allege purposeful discrimination on the part of any Defendant. Instead, he

accuses Defendant Walters of incompetence.  He points to an alleged imbalance in the racial makeup

of the nine porters in his housing unit, however, this alone is not enough to conclude that white

prisoners or any other demographic group are being systematically excluded from those jobs.  The

response to Plaintiff's grievance indicates that job assignments are made based on prisoner-applicants'

criminal history and disciplinary records, and nothing in his complaint contradicts this explanation.

Presumably, there are many more than nine porters throughout the prison, as well as many other job

categories in which prisoners might be employed.  Plaintiff's description of the racial makeup of the

porters on one housing wing does not support a conclusion that Defendant Walters singled out white

prisoners for unequal treatment.

As to Defendant Ryker (the warden), Plaintiff makes no allegations of any involvement on his

part in selecting inmates to fill prison jobs, let alone any racial discrimination.  Plaintiff states only that

he wrote to Defendant Ryker to complain about being passed over for the job, and got no response.

However, this communication does not impose a duty on Defendant Ryker to remedy Plaintiff's

complaints.  *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).  Further, Defendant Ryker cannot

be held liable for the actions of his subordinates, even if Plaintiff's allegations were sufficient to state

a claim for an equal protection violation.  "The doctrine of *respondeat superior* does not apply to §

1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the

deprivation of a constitutional right.'"  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)

(quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  *See also Monell v. Dep't of

Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987);  *Wolf-Lillie

v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir.

1981).

Finally, even if Plaintiff's complaint had succeeded in stating a cognizable claim for an equal

protection violation, his transfer to another prison has rendered moot his request for an order to stop the alleged discriminatory hiring at Lawrence.  "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot."  *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004).  *See also Higgason v. Farley*, 83 F.3d 807, 811  (7th Cir. 1995).

For these reasons, Plaintiff's complaint is subject to dismissal pursuant to § 1915A.

**Disposition**

**IT IS HEREBY ORDERED** that the complaint fails to state a claim upon which relief may be granted, and thus is **DISMISSED** with prejudice.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  This case shall be closed on the docket.

**IT IS SO ORDERED.**

DATED: February 14, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge